# CASS COUNTY, Appellant, v. BANK OF HARRISON-VILLE.

### Division One, June 12, 1900.

1. **Judgment for Right Party:** ERRORS. Where the judgment for the trial court is for the right party upon the showing of the losing party, error of the court in reaching that end will not work a reversal.

2. **County Depositaries:** INTEREST ON TOWNSHIP FUNDS: ENLARGEMENT OF BOND. Both the statute and the bond obligated a county depositary to pay interest only "on the county treasurer's deposit" with the depositary "to the credit of the county." *Held*, that the county was not entitled to interest on school taxes collected by township trustees in counties operating under township organization and deposited by them, as the statute requires, with the same depositary, to the credit of the township. *Held*, also, that, although the depositary's bond to the county contained an obligation for the safe custody and return of the township funds, that obligation is not thereby enlarged into one for the payment of interest thereon simply because the bond contained an obligation for the payment of interest on the county funds.

Appeal from Cass Circuit Court.—*Hon. W. W. Wood*, Judge.

AFFIRMED.

*A. A. Whitsitt* and *Chas. W. Sloan* for appellant.

(1) The bond sued on was voluntarily executed; was not in contravention of public policy nor violative of any statute; was for a valid consideration, by means of which defendant secured the funds of the county, including school moneys to be deposited with it. Now it will not be heard to deny its obligatory force. Rubelman Hardware Co. v. Greve, 18 Mo. App. 6; Henoch v. Chaney, 61 Mo. 129; Saline Co. v. Sappington, 64 Mo. 72; State ex rel. v. Creusbauer, 68 Mo. 254; State ex rel. v. Williams, 77 Mo. 463;

State ex rel. v. Stark, 75 Mo. 566; Frederick v. Tiffin, 22 Mo. App. 443; State ex rel. v. Gorman, 75 Mo. 378; Barnes v. Webster, 16 Mo. 265; State ex rel. v. Horn, 94 Mo. 162; U. S. v. Hodson, 10 Wall. 395.    (2)   If any question of doubt existed as to what both parties understood in making the contract or bond sued on, it is settled by the conduct of the parties, the admissions of defendant's answer as well as the admissions made in the exhibit "A," filed with and made part of the referee's report.   It is thus made plain that defendant in making the bid for deposits understood as did the county court that school moneys were to be included in the funds on which defendant was to pay interest on daily balances.    Ellis v. Harrison, 104 Mo. 270; Union Depot v. Railroad, 113 Mo. 213; Bruner v. Wheaton, 46 Mo. 363; Patterson v. Camden, 25 Mo. 22; Dobbins v. Edmonds, 18 Mo. App. 315; Sedalia Brewing Co. v. Sedalia Water Works, 34 Mo. App. 56; St. Louis Gas Light Co. v. St. Louis, 46 Mo. 121; Union Depot Co. v. Railroad, 131 Mo. 291.

*James T. Burney* for respondent.

(1)   The law under which defendant was appointed county depositary specifically states that, "The interest upon said county funds shall be computed upon the daily balances to the credit of the county with said depositary, and shall be payable to the county treasurer monthly, who shall place the same to the credit of the road or bridge fund as the county court shall order."   There is no other requirement for the payment of interest.    Sess. Acts, 1891, p. 104.   The law directing the township trustees in counties having the township organization laws to deposit their school money with the depositary, it nowhere provides for the payment of interest thereon.    (2) If it were intended by the Legislature to provide that township trustees shall deposit school money with the depositary, and collect interest thereon, which interest is

to be used by the county for the benefit of the road or bridge fund, then such provision is unconstitutional and void, because it is a diversion of the school funds, or the proceeds thereof to other and different uses. Const. of Mo., art. XI, secs. 6 and 8; Cedar Co. v. Johnson, 50 Mo. 226; Ray Co. v. Bentley, 49 Mo. 236; Township Board of Education v. Boyd, 58 Mo. 276; Montgomery County v. Anchley, 103 Mo. 492; Knox Co. v. Hunolt, 110 Mo. 67; In re Stead, 116 Mo. 537.

ROBINSON, J.—This is a suit by Cass county on a bond executed by defendant as county depositary to collect interest alleged to be due to said county on township school funds, kept by said depositary to the credit of township trustees during parts of two years from 1893 to 1895.

The conditions of the bond among other things recite that, "Whereas the said Bank of Harrisonville, the principal herein, on the first day of May, A. D. 1893, it being the first day of the regular May term of the county court, of said Cass county, having bid the largest amount for the privilege of being the depositary of the funds of said county, for the term of two years, said term beginning on the first day of May, 1893, and ending on the first Monday of May, A. D. 1895, at and for the rate of interest on deposit as follows: 3.82 per cent on all funds in their possession and belonging to the said county, said 3.82 per cent being the annual interest computed and paid as follows: Monthly, at the end of each month, in accordance with the amount of deposits kept in said bank, during said month, computed upon daily balances—the same was thereupon adjudged to said bank, as depositary aforesaid. Now, therefore, if the said bank of Harrisonville shall faithfully perform all the duties and obligations devolving by law, upon it as such depositary, and for the payment upon presentation of all checks drawn upon said depositary by the county treasurer and township trustees and

ex-officio treasurers of the various townships of the said county of Cass, whenever any funds shall be in said depositary, applicable to the payment thereof, and provided further, the said depositary shall provide for the payment at the county seat of Cass county, all checks so drawn on the funds of said county by said county treasurer, township trustees and ex-officio treasurers of the various townships as aforesaid, so long as the fund of said county shall be in the possession of said depositary, subject to such checks, and shall faithfully and safely keep and account for all funds deposited with said Bank of Harrisonville, according to law, and shall make monthly settlements and payments with said county, of interest due upon the deposits therein as provided by law, according to the contract price herein above set out; then this obligation to be null and void, otherwise to remain in full force and effect."

The breach of said bond alleged, is, that defendant at the end of each month from May 1, 1893, to May 6, 1895, failed and neglected to make an accounting to the treasurer and ex-officio collector of said county, and to pay interest due on certain deposits in said bank, so placed and deposited there by the various trustees of the different townships of said county, and of the school taxes of the various school districts and townships so deposited in said bank at various and divers times and in various and divers amounts on each and every month from and including May, 1893, to May 6, 1895. No failure of the defendant to pay over money, or interest on any deposits made by the county treasurer, "of money, to the credit of the county," is alleged or claimed. The conditions of the bond in that particular were literally complied with. Although an answer and a reply were filed in the case, there were practically no controverted facts.

The defendant contends that neither under the terms of the law, or by the language of the bond given in obedience thereto, was it liable to pay interest on township school funds

deposited with the defendant bank; but that interest upon "county funds" to be computed upon the daily balance to the credit of the county with the bank, was alone contemplated, and that it had paid.

The facts show that the interest on the school funds deposited by the township trustees in defendant's bank, computed at 3.82 per cent, would amount to $452.35, and that so far as the case need now be considered, that would be the measure of defendant's liability, if liable for anything. The trial court took the view as now contended for by defendant, that interest on the township school funds, deposited by the township trustees with the county depositary, was not contemplated by the provisions of article 6 of chapter 45, Revised Statutes 1889, as amended by the Laws 1891, pages 103, 104 and 105, and accordingly rendered judgment for defendant, from which plaintiff has prosecuted its appeal to this court.

Several assignments of error, on questions of practice and procedure have been made by appellant, which it will be unnecessary to notice here, as plaintiff upon its own showing has no cause of action against the defendant. Where the judgment of the trial court is for the right party, as in this case upon the showing of plaintiffs, error by the trial court against it in attaining that end is harmless and furnishes no grounds for the reversal of the judgment and the remanding of the cause for further hearing.

The law (Laws 1891, p. 104) under which defendant was appointed county depositary and under which it became possessed of the funds, upon which the plaintiff now seeks to have defendant pay interest, provides:

"Sec. 3216. As soon as said bond shall be given and approved by the county court, an order shall be made designating said banking corporation, association or individual banker as a depositary of the funds of the said county until the time fixed by this article for another selection; and there-

upon it shall be the duty of the county treasurer of said county, immediately upon the making of said order, to transfer to said depositary all the funds belonging to said county or the school districts of said county, and immediately upon the receipt of any money thereafter, to deposit the same with said depositary to the credit of said county; and for each and every failure to make such deposit, the treasurer shall be liable to said depositary for ten per cent per month upon the amount not so deposited, to be recovered by civil action in any court of competent jurisdiction; provided, it shall be the duty of township trustees in counties operating under township organization to deposit in such depositary as may be selected by the county court under the provisions of this act all school taxes collected by him in such time and manner as now required of him by law to pay the same to the township trustees and *ex officio* treasurer, the same to be paid out by such depositary on orders or warrants of the township boards as near as may be in conformity to law now authorizing said township trustee and *ex officio* township treasurer to pay the same upon the order or warrant of said township board."

By section 3214 of said act it is further provided that, "the interest upon said county funds shall be computed upon the daily balances to the credit of the county with said depositary, and shall be payable to the county treasurer monthly, who shall place the same to the credit of the road or bridge fund, as the county court shall order."

The provisions of the last section just quoted is the only one of the entire act that bears in any wise upon the question, as to how and upon what funds, in the hands of the depositary, interest is to be computed, and, as will be seen from the reading of the bond, its provisions do not enlarge defendant's liability, but simply provides that it "shall make monthly settlements and payments with the county of interest due upon deposits therein, as provided by law," which means, upon the daily balance, "to the credit of the county."

But appellant seems to think that because the bond, in suit, was made to secure the school funds deposited by the township trustee, as well as the funds deposited to the credit of the county, with the depositary, it therefore must have been contemplated that interest should be paid alike upon both funds.

This by no means follows: The giving of security for the safe custody and return of a fund left with a depositary, does not necessarily involve either a duty or an assumption on the part of the depositary to pay an interest charge thereon. To enforce the payment of such a charge, express authority must be found in the law authorizing the county courts throughout the State to name and designate such depositaries, or else in the bond contract made with the county court by the chosen depositary. Here both by the law, and under the terms of the bond in suit, the payment of interest to be made by the depositary, is to be computed upon "the county treasurer's deposit, to the credit of the county." This is the plain provision of the law, and the clear obligation of the bond and this court can not by construction read into the law that which the Legislature has so plainly omitted, as to leave no doubt of its intention. An interest charge upon the county funds to the credit of the county clearly does not comprehend or contemplate a charge upon the various township trustees' deposits of school money to the credit of such trustees, placed with the county depositary.

To agree with plaintiff that it is entitled to recover interest of the defendant, on the township school funds deposited, by the various township trustees, with defendant as the county depositary, we must assume that the Legislature intended to authorize the use of the interest of the school funds, of the various district of the State for road or bridge purposes. The section of the law which provides how the interest on such deposits is to be computed, also provides that

it "shall be payable to the county treasurer monthly, who shall place the same to the credit of the road or bridge fund, as the county court shall order."

The use to which the interest authorized to be collected of defendant, as county depositary, is as clearly and definitely named and provided for in the law, as is the fact, that interest is to be paid, and it would not be fair to presume against the Legislature that it intended to enter an unwarranted law authorizing a diversion of the school funds or the proceeds thereof to other and different uses than that of the schools, when the language of the law does not so express itself.

The judgment of the circuit court will be affirmed.

All concur.